Good morning, Your Honors, and may it please the Court, my name is Eli Nazarian, and I'm representing the petitioner, Mark Renteria, in this matter. I would like to reserve two minutes for rebuttal. So this is a case in which the petitioner was denied cancellation of removal in immigration court. Could you raise your mic? Yes, sir. So this is a case in which the petitioner was denied cancellation of removal in immigration court based on a requisite level of hardship to his qualifying relatives. Now the overarching question in this case is going to be whether or not the Ninth Circuit has jurisdiction to review that finding made by the immigration judge as to hardship. So the Supreme Court in Guerra-La Esprilla, I would argue, overruled this Court's ruling in Martinez-Rosas by finding that constitutional claims or questions of law would go on to include the application of a legal standard to established facts. And I think that's exactly what's happening in a hardship determination, the legal standard being exceptional and extremely unusual, as said in 8 U.S.C. 21229 B1d. And then whenever you take the established facts as expressed in testimony in the declaration of the petitioner, that fits squarely within the finding in Guerra-La Esprilla. Even if you would prevail on that legal proposition and prevail in an argument that the determination was erroneous, don't you still have a problem with the agency's exercise of its discretion contrary to your client? Correct, so that's what I was getting into. So there was a lot of anticipation when the Supreme Court was ruling in Patel as to whether there would be that jurisdiction to review a matter of discretion. But my argument is that Patel didn't really change much of anything. All Patel did was that it drew a distinction between questions of purely fact and questions of applying facts to the law. And so Patel actually expressly held that it was not overruling Guerra-La Esprilla. And the Patel court made a point to distinguish that question of pure fact with a mixed question of law and fact. So in this matter specifically, we're not dealing with any question of fact. In fact, there was no dispute as to whether there was there was no dispute as to any facts. All that's happening in a hardship determination in this matter is that we're taking a set of facts that already exist and we're applying it to the legal standard, which is exceptional and extremely unusual. So based on that, I think that this matter where we're taking the facts and we're applying it to the legal standard of exceptional, extremely unusual hardship fits squarely within what Patel distinguished as a question of law and fact and also what Guerrera-La Esprilla, which remains good law. Mr. Nazarian, I understand. So there's you're raising this issue of our reviewability of the hardship determination. But didn't the board also exercise its discretion to not grant a cancellation of removal as a matter of discretion separate from whether hardship was was established? And is that a reviewable claim by us? Well, yes. I mean, the BIA is on precedence, especially in seeing it treats the hardship determination as a legal one. There are two separate questions here. Let me go back to the question I posed before and Judge Chances has tried to pose, which is that if you qualify by virtue of exceptional hardship, the agency still has the authority to deny cancellation in an exercise of discretion. And as I look at the dispositions of the immigration judge and the BIA, they seem to have exercised discretion. The BIA says, furthermore, we affirm the immigration judge's finding that the respondent has not established that he merits a grant of cancellation of removal as a matter of discretion. That's something separate from hardship. And I don't hear from you today or see in your brief any challenge to that determination. Is there a challenge that I've missed? What I would say is that this court does have jurisdiction to review discretionary findings of the agency. Based on what? And I'm not talking about discretionary findings. The exercise of discretion to decline to grant cancellation of removal. I don't know of any authority of this court to review that exercise of discretion. If you have authority, if you have a citation that would point me at a different direction, I'd appreciate it. The best authority I could give is the Supreme Court in Patel, where they preserved jurisdiction over questions of law and rejected the idea that judgment refers to the use of discretion. What question of law? This is the exercise of discretion. Well, the question of law is, as codified in 1229b1d, it's whether or not the harm in this case rises to the level of exceptional and extremely unusual. No, see, you're blending the hardship determination with a separate, well, put it this way. Even if the agency found that there had been extreme and unusual hardship, the agency can separately deny discretionary relief as an exercise of discretion. And the question that Judge Clifton and I are posing is, is that discretionary decision reviewable by our court? Go ahead. The discretionary review of the BIA as opposed to the immigration judge, is that what you're referring to? Well, the discretionary decision to decide whether to grant discretionary relief for cancellation or removal or voluntary departure. You've got to meet two hurdles. One of them is the extreme and unusual hardship, and the second one is, will the board exercise its discretion to grant it? And is that, I understand you're challenging the first basis, but we haven't heard you say anything as to whether we can review or you are challenging the second basis. I would just argue that it's the same basis, just that I guess the discretionary, I'm not sure if that's codified, but I would argue that that is a legal standard as well. Okay. And with that, I'll rest. Any other questions? Thank you. Go ahead, Ms. McKinney. Good morning, and may it please the court. My name is Catherine McKinney, and I represent the Attorney General Merrick Garland in this matter. Your Honors, this court should deny in part and dismiss in part the petition for review. Petitioner's contention that the immigration court never had jurisdiction over the case is not properly before the court. As the government noted in its recently filed 28-J letter, after the government filed a response brief in this case, the Supreme Court in Santos-Zachariah held that the exhaustion requirement of 1252-D1 is a non-jurisdictional claims processing rule subject to waiver. However, it's nonetheless mandatory. And as the government noted in its brief and in the 28-J letter, the petitioner here failed to exhaust any claims processing violation based on a purportedly defective NTA with the agency. Accordingly, this claim is not exhausted, and it's not properly before the court. The court should therefore deny this aspect of the petition for review. Turning to the agency's denial of cancellation of removal, the court should dismiss this aspect of the petition for review for lack of jurisdiction. The court lacks jurisdiction to review the agency's denial of cancellation of removal in the ultimate exercise of discretion. And that's what happened here. The agency denied cancellation of removal on two alternate dispositive grounds. First, the petitioner didn't demonstrate the requisite hardship to a qualifying relative.  And this court in Romero-Torres, which is cited in the government's brief, held that 1252-A2BI encompasses the ultimate discretionary decision to deny relief. And that's what happened here. While the court retained jurisdiction to review constitutional and legal claims, Mr. Renteria raises no such claims in his brief. In fact, he raises no challenge to the ultimate discretionary denial of cancellation of removal at all. He has accordingly waived his opportunity to do so. Because this determination is dispositive, and the court generally lacks jurisdiction to review this claim, and he's waived his opportunity to present a challenge to it, much less a legal or constitutional one, the court can and should dismiss the petition for review on this basis. The court need not reach the agency's alternate discretionary hardship determination, but should it reach the issue, the court should decline to disturb the agency's decision. And again, the government's position is that the alternate ultimate discretionary determination is dispositive, so the court need not reach this issue. I just wanted to bring it to the court's attention that the Supreme Court has recently granted cert in Wilkinson, that's at 143 Supreme Court 2687, to decide the issue of whether exceptional and extremely unusual hardship is a mixed legal and factual question subject to review. However, there's no need to hold this case for Wilkinson, because here we have an alternate denial of cancellation in the ultimate exercise of discretion, and the court could decide this case based on that. And additionally, as the government noted in the brief, to the extent that petitioner was challenging the hardship determination based on an argument that the agency declined to consider in the alternative, both whether the qualifying relatives would remain in the United States or would accompany the petitioner to Mexico. As the government noted in the brief, this wasn't the hardship claim that presented to the immigration judge. Petitioner testified that he would leave his daughter and stepdaughters that were qualifying relatives in the United States. That's at AR 158. And again, before the board, the petitioner argued that his qualifying relatives would not accompany him to Mexico. That's at AR 20. So this purported legal argument addressing the hardship determination lacks merit. Therefore, the court requests that, the respondent requests that the court deny in part and dismiss in part this petition for review. Unless the court has any further questions, I will rest. Thank you. I don't believe we have any questions. Thank you. Just very briefly, Your Honors, back to the question of discretion. I would just argue that in the post-Patel era, the question of discretion has largely changed, and it's not so much a question of whether the agency, whether the panel has jurisdiction or view matters of discretion, but rather whether or not we're looking at a factual or a legal question. That's what Patel highlighted. And Patel expressly rejected the idea that this has anything to do with discretion. It has to do with, it rejected the idea that the term judgment even refers to the use of discretion. So there was a signal in Patel that we're moving away from the question of discretion and more towards the question of factual versus legal. And I think that a quote-unquote discretionary finding in an immigration court is really, if you really boil it down, is really just the application of law to facts. And that's how the immigration judge comes to that decision in the first place. So let me ask you that. How do we know why the agency declined to exercise its discretion to grant cancellation of removal? Is it, I mean, what facts did the agency rely on for that determination that we could review? Yeah. I mean, in this case, they looked at his three, I guess it was three DUIs dating back to 1995, and they decided that that didn't outweigh, the analysis was that that didn't outweigh all of his positive equities, including his 30 years' presence in the United States and all of his family ties. So they took the fact that he had three DUIs. They took the fact that he's been here 30 years, and they took the fact that he has these family ties. And is there a legal error with any of those facts? Are those facts unsupported? But are the facts supported? I guess, how would we review the discretion to deny relief on the basis of those facts? Are you suggesting that those things did not happen? No. That would be a factual dispute, which this is not. He did have those three DUIs. The question is whether or not the standard was applied correctly to the facts, and I would ask the panel to review that. Okay. Any other questions? Thank you, counsel. Thank you. Thank you both for your arguments. The matter will stand submitted.
judges: CLIFTON, SANCHEZ, Korman